IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JACOB TOWNSEND,** | : | |
| *Plaintiff,* | : | |
| | : | |
| v. | : | **CIVIL NO. 26-1217** |
| | : | |
| **GSM OUTDOORS, LLC et al.,** | : | |
| | : | |
| *Defendants.* | : | |

**Scott, J.**                                                                                    **June 25, 2026**

## MEMORANDUM

Defendants GSM Outdoors, LLC, Good Sportsman Marketing, LLC, Dunham's Sports, and Dunham's Athleisure Corporation have filed a motion to transfer venue (ECF No. 23). For reasons explained below, the Court grants Defendants' motion and hereby transfers this case to the Western District of Pennsylvania.

### I.    Background

Plaintiff Jacob Townsend purchased a Hawk Helium XL CRUZR Tree Stand, which he used while hunting near his residence in Spring Church, Pennsylvania on November 6, 2024. ECF No. 1-2 ¶¶ 24, 29 ("Compl."). Townsend alleges that a latching mechanism of the tree stand failed, causing Townsend to fall around fifteen feet and severely injuring him. Compl. ¶¶ 34, 43. Townsend filed suit, alleging the following causes of action: strict liability against all Defendants (Count I), negligence against all Defendants (Count II), and breach of warranty against all Defendants (Count III).

Townsend filed this case in the Philadelphia County Court of Common Pleas, and Defendants then removed it to the Eastern District of Pennsylvania. ECF No. 1 at 1.

## II.    Legal Standard

According to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, [or] in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." When deciding whether to transfer venue, the court must consider the "the three [factors] enumerated under the statute—convenience of the parties, convenience of the witnesses, and the interests of justice—along with all other relevant private and public factors, including the plaintiff's choice of forum and the local interest in deciding local controversies close to home." *In re McGraw-Hill Glob. Educ. Holdings LLC*, 909 F.3d 48, 57 (3d Cir. 2018) (citing *Atlantic Marine Constr. Co. v. U.S. District Court*, 571 U.S. 49, 62 n.6 (2013)). In *Jumara v. State Farm Ins. Co.*, 55 F.3d 873 (3d Cir. 1995), the Third Circuit identified the following private factors for district courts to consider:

> plaintiff's forum preference as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records.

*Id.* at 879 (citation modified). The public factors for district courts to consider include:

> [t]he enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases.

*Id.* at 879–80 (citation modified). "Courts consider these factors to determine, on balance, whether the litigation would 'more conveniently proceed and the interests of justice be better served by transfer to a different forum." *McGraw-Hill*, 909 F.3d at 57 (quoting *Jumara*, 55 F.3d at 879). The movant bears the burden of persuasion. *Id.*

### III.    Discussion

Defendants argue that this action should be transferred to the Western District of Pennsylvania, while Plaintiff argues that, although the Western District of Pennsylvania is an appropriate venue, so too is the Eastern District of Pennsylvania. But because Plaintiff chose the Eastern District, Plaintiff contends the Court should exercise deference regarding that choice. *See* ECF No. 23-2 at 1–2; ECF No. 27 at 5 (citing *Jumara*, 55 F.3d at 879).

Although Courts generally exhibit deference to a plaintiff's forum choice, that deference is not absolute. Courts in the Eastern District of Pennsylvania accord less weight to a plaintiff's forum choice "(1) when the operative facts occurred outside the forum and (2) when the plaintiff does not reside there." *S.L.W. v. Res. for Human Dev.*, 2026 WL 821844, at *3 (E.D. Pa. Mar. 25, 2026) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 (1981)). Here, the operative facts, including Townsend's purchase and use of the tree stand, occurred in the Western District of Pennsylvania. Townsend also resides in the Western District of Pennsylvania. *See* Compl. ¶¶ 24–43. Accordingly, the Court accords less weight to Townsend's forum choice.

Three private *Jumara* factors—the defendants' forum preference, whether the claim arose elsewhere, and the convenience of the parties (including the Plaintiff who resides within the Western District of Pennsylvania)—clearly favor transfer because the operative facts occurred outside this district and because Plaintiff resides outside this district. The remaining private *Jumara* factors are either inapplicable or neutral.

One public *Jumara* factor—the local interest in deciding local controversies at home—strongly favors transfer as well. This factor "is linked with . . . consideration regarding which forum has the most logical connection to the facts giving rise to the suit." *Seidman v. Hamilton Beach Brands, Inc.*, 787 F. Supp. 3d 25, 40 (E.D. Pa. 2025). Because "jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation,"

the Western District of Pennsylvania, which has a stronger and more obvious connection to the facts giving rise to this suit and for which jurors would have a clearer relation to the litigation, is the more sensible forum for this litigation. *Id.* The remaining public *Jumara* factors are either inapplicable or neutral.

## IV. Conclusion

The interests of justice and the convenience of parties and witnesses, as determined through application of the *Jumara* factors, convince this Court to grant Defendants' motion to transfer venue. The Court will therefore transfer this action to the Western District of Pennsylvania. An appropriate Order follows.